66 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sharon M. TANIHARA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-5109.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 Sharon M. Tanihara moves for summary reversal of the decision of the United States Court of Federal Claims and for a remand to the trial court for proceedings consistent with Douglas L. Ishida v. United States, No. 94-5151 (July 6, 1995). The United States consents.*
 
 
 2
 Tanihara is an American citizen of Japanese ancestry. In the early 1940s, her parents relocated from Los Angeles, California to an internment camp in Jerome, Arkansas were the parents lived for three years. The parents were thereafter granted indefinite leave to live in Chicago, Illinois, where Tanihara was born in 1944.
 
 
 3
 Tanihara recently applied for compensation under the Civil Liberties Act of 1988, 50 U.S.C.App. Secs. 1989 et. seq., relating to her family's relocation during World War II. The Department of Justice (DOJ) denied the application. The Court of Federal Claims granted the United State's motion for summary judgment, sustaining DOJ's denial. Tanihara appealed. The appeal was subsequently stayed pending a decision in Ishida.
 
 
 4
 In Ishida we held that the Act entitled to compensation all children like Ishida who were deprived of liberty because they were excluded from their family homes by virtue of Executive Order 9066. Ishida, slip op. at 10.
 
 
 5
 Tanihara argues that the Court of Federal Claim's decision that she was not entitled to compensation should be summarily reversed based on our holding in Ishida. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). The circumstances of Tanihara's appeal are substantially the same as those of Ishida regarding eligibility for compensation under the Act.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Tanihara's motion for summary reversal is granted. The case is remanded to the Court of Federal Claims with directions to enter judgment for Tanihara in the amount of $20,000.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 
 *
 The government's response was filed eleven days late. We treat the government's response as a motion for leave to file a response out of time, with response attached, and grant it